IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 12/16/20
TIME: 10:00 AM
INITIALS: MJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal No. 17-cr-20103-TLP |
| | ) | Criminal No. 17-cr-20151-TLP |
| O.B. HILDSON, aka "OD," | ) | Criminal No. 17-cr-20060-SHL |
| Defendant. | ) | |

## PLEA AGREEMENT

1. The following constitutes the Plea Agreement reached between the United States, represented by D. Michael Dunavant, United States Attorney for the Western District of Tennessee, and Mark Erskine, Assistant United States Attorney (hereinafter, "the Government" or "the United States"), and O.B. Hildson (hereinafter "the Defendant"), represented by Taurus Bailey, defense counsel. This agreement applies to the defendant's three indicted cases, which are pending in the Western District of Tennessee.

2. In case number 17-cr-20103-TLP, the Defendant, O.B. Hildson, has been charged with five felony counts in the Second Superseding Indictment (17-cr-20103-TLP, RE-274, Second Superseding Indictment). The penalties for the two counts to which the Defendant is pleading guilty are:

   a. In Count 7, the Defendant has been charged with aiding and abetting the distribution of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  As charged in Count 7, the maximum penalty is NLT 5 yrs. imprisonment, NMT 40 yrs. imprisonment, NMT $5,000,000 fine or both, NLT 4 yrs. supervised release and a special assessment of $100. Additional fees may be imposed to pay for incarceration or supervised release

   b. In Count 9, the Defendant has been charged with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).  As charged in Count 9, the maximum penalty is NMT 20 yrs. imprisonment, NMT a $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, NMT 3 yrs. supervised release, and a special assessment of $100.  Additional fees may be imposed to pay for incarceration or supervised release.

3. In case number 17-cr-20151-TLP, the Defendant, O.B. Hildson, has been charged with six felony counts in the Indictment (17-cr-20151-TLP, RE-4, Indictment). The penalties for the three counts to which the defendant is pleading guilty are:

    a. In Count 1, the Defendant has been charged with conspiracy to distribute at least 100 kilograms of a mixture and substance containing marijuana, a Schedule I controlled substance. However, the defendant is pleading guilty to a lesser quantity of less than 50 kilograms of a mixture and substance containing marijuana. The maximum penalty for this offense is NMT 5 yrs. imprisonment, NMT $250,000 fine, or both, NLT 2 yrs. supervised release, and a special assessment of $100. Additional fees may be imposed to pay for incarceration or supervised release.

    b. In Counts 5 and 6, the Defendant has been charged with aiding and abetting the distribution of a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. As charged in Counts 5 and 6, the maximum penalty for this offense is NMT 5 yrs. imprisonment, NMT $250,000 fine, or both, NLT 2 yrs. supervised release, and a special assessment of $100. Additional fees may be imposed to pay for incarceration or supervised release.

4. The Defendant, O.B. Hildson, has been charged with four felony counts in the Second Superseding Indictment (17-cr-20060-SHL, RE-320, Second Superseding Indictment). The penalties for the two counts to which the defendant is pleading guilty are:

    a. In Count 4, the Defendant has been charged with conspiracy to distribute Oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 and 846. As charged in Count 4, the maximum penalty is NMT 20 years imprisonment, NMT a $1,000,000 fine or both, NLT 3 years supervised release, and a mandatory special assessment of $100. Additional fees may be imposed to pay for incarceration or supervised release.

    b. In Count 7, the Defendant has been charged with aiding and abetting an attempt to possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 and 846. As charged in Count 7, the maximum penalty is NLT 5 yrs. imprisonment, NMT 40 yrs. imprisonment, NMT $5,000,000 fine or both, NL T 4 yrs. supervised release

5. The Defendant affirms his attorney, Taurus Bailey, has informed him of the above-referenced maximum possible penalties, the nature of these criminal charges, and the elements of the charges, each of which must be proved by the Government beyond a reasonable doubt before the Defendant could be found guilty as charged.

6. By voluntarily pleading guilty, the Defendant knowingly waives and gives up his constitutional right to plead not guilty, to compel the Government to prove his guilt beyond a

reasonable doubt, to not be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which apply to a defendant on trial in a criminal case. By pleading guilty, the Defendant knowingly, voluntarily, and intelligently waives his right to appeal his conviction.

7. The Defendant affirms he is pleading guilty to the charges described herein because he is guilty and because it is in his best interest to do so, and not because of any threats or promises. The Defendant affirms that there has been no representation made whatsoever by any agent or employee of the United States to him as to what the final disposition of this matter should or will be. He understands that the matter of sentencing is within the sole discretion of the Court. The Defendant affirms he has discussed sentencing and the relevant sentencing guidelines provisions with his attorney.

**The parties understand the Plea Agreement in this case to be as follows:**

8. In case number 17-cr-20103-TLP, the Defendant will enter a plea of guilty to Counts 7 and 9, of the above-referenced Second Superseding Indictment. The government agrees to dismiss Count 1 (conspiracy to distribute heroin), Count 2 (conspiracy to distribute cocaine) and Count 3 (conspiracy to distribute methamphetamine) at the time of sentencing.

9. In case number 17-cr-20151-TLP, the Defendant will enter a plea of guilty to Counts 1, 5, and 6 of the above-referenced Indictment. The government agrees to dismiss Count 2 (conspiracy to distribute hydrocodone), Count 3 (conspiracy to distribute oxycodone), and Count 9 (conspiracy to commit money laundering) at the time of sentencing.

10. In case number 17-cr-20060-SHL, the Defendant will enter a plea of guilty to Counts 4 and 7 of the above-referenced Second Superseding Indictment. The government agrees to dismiss Count 2 (conspiracy to distribute marijuana) and Count 3 (conspiracy to distribute cocaine) at the time of sentencing.

11. The parties agree that any sentence imposed in cases 17-cr-20151-TLP, 17-cr-20103-TLP, and 17-cr-20060-SHL will run concurrently with one another.

12. The parties have no agreements on relevant conduct or sentencing enhancements and agree to reserve these issues for the sentencing hearing.

13. The Defendant understands, given the facts in the possession of the United States at the time of the writing of this agreement, that the United States does not oppose his receiving maximum acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. The Defendant understands that if the United States receives information between the signing of this agreement and the time of the sentencing that he has previously engaged in, or if he engages in the future in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change. Further, the Defendant understands that whether or not acceptance of responsibility credit is granted pursuant to Section 3E1.1 is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for him to withdraw his guilty plea.

14.     The United States agrees to recommend a sentence within the sentencing guidelines as calculated by the Court.

15.     The Defendant understands that Title 18, United States Code, Section 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the Defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence is within or below the advisory guidelines range as calculated by the Court. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

16.     The Defendant understands that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, the Defendant knowingly and voluntarily waives his right to file an action pursuant to Section 2255. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

17.     The Defendant understands that the Government will be free to fully describe the nature of the offense charged and the evidence in this case.

18.     The Defendant understands that any statement made in the course of the plea colloquy may be used against him in any criminal prosecution. The Defendant knowingly, voluntarily, and intelligently waives any objection based on Rule 410 of the Federal Rules of Evidence.

19.     The Defendant willingly stipulates that there is a sufficient factual basis to support each and every essential element of the offense set forth in the above-referenced indictments to which he is pleading guilty.

20.     The Defendant understands that a defendant convicted of a crime is required to pay a mandatory assessment of $100 per felony count of conviction. The Defendant agrees that payment of this assessment, in full, is a condition of this agreement and that such payment is due at the time of his sentencing.

21.     The Defendant understands that this agreement does not apply to any crimes that he may have committed (other than those specifically set forth herein), or that he may commit hereafter, including perjury.

22.     The Defendant understands that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the preparer of the presentence report, which the Court may adopt or take into consideration.

23.     Should it be judged by the Government that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction of or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1, from the date of his signing this plea agreement to the date of his sentencing, or if the Defendant attempts to withdraw his plea, the Defendant understands the Government will be released from

its obligations and would become free to argue for any sentence within the statutory limits. The Defendant further understands that such a breach by him would not release him from his plea of guilty.

24. The Defendant understands that this Plea Agreement constitutes the entire agreement between him and the United States. The Defendant affirms he has not been coerced, threatened, or promised anything other than the terms of this Plea Agreement in exchange for his plea of guilty. The Defendant understands that his attorney will have the opportunity to speak on his behalf and that the Defendant will also have an opportunity to personally address the Court and present any information to mitigate his sentence prior to the sentence being imposed.

25. The Defendant affirms he has read or has read to him the foregoing plea agreement and has discussed the terms of this Plea Agreement with his attorney, Taurus Bailey, and that he is satisfied with his attorney's advice and counsel. Being aware of all of the possible consequences of his plea, the Defendant affirms he has independently decided to enter this guilty plea of his own free will, and is affirming that agreement on this date and by his signature below.

_12-16-20_
DATE SIGNED

_O.B. HILDSON_
Defendant

_12-16-20_
DATE SIGNED

_TAURUS BAILEY_
Attorney for Defendant

_12/16/20_
DATE SIGNED

_MARK ERSKINE_
Assistant United States Attorney